1
2
3
4
5            **UNITED STATES DISTRICT COURT**
6               EASTERN DISTRICT OF CALIFORNIA
7

8   MICHAEL JEROME WINFIELD,        Case No.  1:25-cv-00170-KES-BAM (PC)

9           Plaintiff,          FINDINGS AND RECOMMENDATIONS

THAT PLAINTIFF'S MOTIONS FOR LEAVE

10       v.                TO PROCEED *IN FORMA PAUPERIS* BE

DENIED

11   SILVA, *et al.*,

                   (ECF No. 2, 7)

12          Defendants.

                   **FOURTEEN (14) DAY DEADLINE**

13

14       Plaintiff Michael Jerome Winfield ("Plaintiff") is a state prisoner proceeding *pro se* in this

15 civil rights action pursuant to 42 U.S.C. § 1983.

16       Plaintiff initiated this action on February 11, 2025, together with an unsigned motion to

17 proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.  (ECF Nos. 1, 2.)  Plaintiff filed a signed

18 motion to proceed *in forma pauperis* on March 3, 2025 and a certified copy of his prison trust

19 account statement on March 11, 2025.  (ECF Nos. 7, 12.)

20       Examination of Plaintiff's trust account statement reveals that Plaintiff is able to afford the

21 costs of this action.  Specifically, Plaintiff's current available balance in his inmate trust account

22 is $28,411.84.  (ECF No. 12.)  In a declaration filed in support of his motion to proceed *in forma*

23 *pauperis*, Plaintiff indicates that he is currently in negotiation with an attorney to represent him in

24 his criminal case, which may require him to exhaust his current balance of $29,882.59 as of

25 February 23, 2025.  (ECF No. 7, p. 3.)

26       Despite Plaintiff's assertions that the entirety of his trust account balance must be used to

27 pay for representation in his criminal action, Plaintiff has not stated specifically how much he

28 must allocate towards this attorney.  In addition, review of Plaintiff's trust account statement

                             1

reveals that since the filing of this action on February 11, 2025, Plaintiff has spent approximately $100.00 on miscellaneous expenses, including kiosk requests, legal copies, legal mail, and sales. (ECF No. 12, p. 2.) Since Plaintiff last reviewed his own trust account balance of $29,882.59, Plaintiff has spent approximately $1,400.00 on similar miscellaneous expenses and voluntary withdrawals, none of which appear to be directed towards payment of legal representation. (*Id.*) In light of the record before the Court, it appears Plaintiff is more than able to afford the costs of this action, including the $405.00 initial filing fee, without proceeding *in forma pauperis*.

Accordingly, it is HEREBY RECOMMENDED that:

1.  The motions to proceed *in forma pauperis*, (ECF Nos. 2, 7), be DENIED; and

2.  Plaintiff be ORDERED to pay the $405.00 initial filing fee in full to proceed with this action.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." **Objections, if any, shall not exceed fifteen (15) pages or include exhibits. Exhibits may be referenced by CM/ECF document and page number if already in the record before the Court. Any pages filed in excess of the 15-page limit may not be considered.** The parties are advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   __March 11, 2025__                    ___/s/ *Barbara A. McAuliffe*___
                                               UNITED STATES MAGISTRATE JUDGE

2