# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL JEROME WINFIELD,<br><br>    Plaintiff,<br><br>    v.<br><br>SILVA, *et al.*,<br><br>    Defendants. | Case No. 1:25-cv-00170-KES-BAM (PC)<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO REOPEN CASE AFTER DISMISSAL<br><br>Doc. 17<br><br>ORDER VACATING JUDGMENT AND DIRECTING CLERK OF COURT TO REOPEN ACTION |

Plaintiff Michael Jerome Winfield is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983.

On March 12, 2025, the assigned magistrate judge issued findings and recommendations recommending that plaintiff's application to proceed in forma pauperis (Docs. 2, 7) be denied pursuant to 28 U.S.C. § 1915(g) and that plaintiff be required to pay the filing fee in full to proceed with this action, Doc. 13. On April 9, 2025, the undersigned issued an order adopting the findings and recommendations in full and ordering plaintiff to pay the $405.00 filing fee in full within twenty-one (21) days. Doc. 14. The order warned plaintiff that if he failed to pay the filing fee within the specified time, this action would be dismissed. *Id.* Plaintiff did not pay the filing fee within the specified time, and on May 13, 2025, this action was dismissed without prejudice. Doc. 15. Judgment was entered the same date. Doc. 16.

1

On June 10, 2025, plaintiff filed a motion to reopen the case pursuant to Federal Rule of Civil Procedure 60(b)(6). Doc. 17 at 1–2. Plaintiff states that he was placed in administrative segregation ("Ad-Seg") on or around March 23, 2025, and that he received the Court's dismissal for lack of payment of fees approximately one week after being placed in Ad-Seg.[1] *Id.* at 2. Plaintiff was released from Ad-Seg and returned to general population as of April 28, 2025. *Id.* On April 24, 2025, while in Ad-Seg, plaintiff attempted to pay the filing fee. *Id.* However, prison authorities later returned the stamped envelope and request for issuance of the $405.00 to plaintiff claiming no "physical" address. *Id.* Plaintiff indicates he intended to forward the fee required and has requested that prison officials initiate the payment again from his account. *Id.* Plaintiff attaches copies of his original and renewed trust account withdrawal orders for the filing fee in this action. *Id.* at Exs. A, B. Plaintiff argues that the judgment should be set aside for fraud on the Court pursuant to Federal Rule of Civil Procedure 60(d)(3), based on the prison's initial failure to forward the fees as requested. *Id.* at 2.

On June 12, 2025, the Court received the filing fee for this action, docketed as "Receipt number #100005414 for the filing fee of $405.00 paid by Michael Winfield on 6/12/2025." *See* Docket.

Relief from an order issuing a final judgment may be granted under Federal Rule of Civil Procedure 59(e) or 60(b). *See, e.g.*, *Langley v. Well Path Med.*, No. 2:19-cv-01022-TLN-DMC, 2020 WL 243228, at *1 (E.D. Cal. Jan. 16, 2020). If a motion for such relief is filed within the time provided for by Rule 59(e), it should be considered as a motion to alter or amend judgment pursuant to Rule 59(e).[2] *See Am. Ironworks & Erectors, Inc. v. N. Am. Const. Corp.*, 248 F.3d

---

[1] Because plaintiff states he was placed in Ad-Seg around March 23, 2025, and the Court issued its order dismissing the case for lack of payment of fees on May 12, 2025, it does not appear to be possible that plaintiff received the Court's May 12, 2025 Order a week after being placed in Ad-Seg. It is unclear if plaintiff means that he received the Court's April 9, 2025 Order requiring him to pay the filing fee in full about a week after being placed into Ad-Seg or that he received the Court's May 12, 2025 Order about a week after being returned to general population on April 28, 2025, or if he means something else entirely. Regardless, this uncertainty does not affect the analysis of this Order.

[2] Rule 59(e) provides that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e).

1  892, 888-89 (9th Cir. 2001).  Otherwise, the motion is treated as a Rule 60(b) motion for relief
2  from a judgment or order.  *Id.*  Additionally, when filing a motion for reconsideration, Local Rule
3  230(j) requires a party to show "what new or different facts or circumstances are claimed to exist
4  which did not exist or were not shown upon such prior motion, or what other grounds exist for the
5  motion."  Local Rule 230(j).

6  Though plaintiff's motion was docketed by the Court on June 10, 2025, the mailbox rule
7  provides that plaintiff's motion shall be deemed filed June 2, 2025, the date he signed and
8  delivered it to prison authorities for forwarding to the court clerk.  *See* Doc. 17 at 2; *see also*
9  *Douglas v. Noelle*, 567 F.3d 1103, 1107 (9th Cir. 2009) (mailbox rule applies to § 1983 suits filed
10 by pro se prisoners).  As June 2, 2025, is within 28 days of May 13, 2025, plaintiff's motion for
11 relief should be considered under Rule 59(e).

12  "Since specific grounds for a motion to amend or alter are not listed in [Rule 59(e)], the
13 district court enjoys considerable discretion in granting or denying the motion." *Allstate Ins. Co.*
14 *v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011).  Generally, there are "four basic grounds upon
15 which a Rule 59(e) motion may be granted: (1) if such motion is necessary to correct manifest
16 errors of law or fact upon which the judgment rests; (2) if such motion is necessary to present
17 newly discovered or previously unavailable evidence; (3) if such motion is necessary to prevent
18 manifest injustice; or (4) if the amendment is justified by an intervening change in controlling
19 law."  *Id.*  A motion for reconsideration under Rule 59(e) is an "extraordinary remedy, to be used
20 sparingly."  *Id.*

21  Plaintiff states in his motion signed under penalty of perjury that he was in administrative
22 segregation from about March 23, 2025, and April 28, 2025, and that he attempted to timely pay
23 the filing fee for this action as required by the Court's April 9, 2025 Order but his request to pay
24 was returned by CDCR.  Doc. 17 at 2.  Plaintiff also submits documentation showing he
25 attempted to make a trust account withdrawal order on April 24, 2025, and that the request was
26 denied on April 28, 2024.  *See* Doc. 17, Exs. A, B.  Additionally, plaintiff has now paid the filing
27 fee in full for this action.  *See* Docket.  Based on these circumstances, the Court finds that relief
28 pursuant to Rule 59(e) and Local Rule 230(j) is warranted.  *See, e.g.*, *Rushdan v. Blain*, Case NO.

3

CV 21-3093-ODW (KK), 2021 WL 4805433, at *2 (C.D. Cal. Aug. 2, 2021) (granting relief under Rule 59(e) and reopening case dismissed for failure to pay filing fee where plaintiff verified he submitted an IFP application and the filing fee to the prison to send to the court, but court did not receive either).

Accordingly,

1. Plaintiff's motion to reopen case after dismissal, Doc. 17, is granted;
2. The Clerk of the Court is directed to vacate the judgment entered on May 13, 2025, and reopen this matter;
3. This action is referred back to the assigned magistrate judge for further proceedings consistent with this Order; and
4. Plaintiff's complaint will be screened in due course.

IT IS SO ORDERED.

Dated:   June 13, 2025

_____
UNITED STATES DISTRICT JUDGE

4