# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL JEROME WINFIELD,<br><br>             Plaintiff,<br><br>    v.<br><br>SILVA, *et al.*,<br><br>             Defendants. | Case No. 1:25-cv-00170-KES-BAM (PC)<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF CERTAIN CLAIMS AND DEFENDANTS<br><br>(ECF No. 20)<br><br>**FOURTEEN (14) DAY DEADLINE** |

Plaintiff Michael Jerome Winfield is a state prisoner proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983. The Court screened Plaintiff's complaint, and Plaintiff was granted leave to amend. Plaintiff's first amended complaint is before the Court for screening. (ECF No. 20.)

**I.      Screening Requirement and Standard**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b); 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the

1  pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not
2  required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere
3  conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell*
4  *Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as
5  true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*,
6  572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).
7        To survive screening, Plaintiff's claims must be facially plausible, which requires
8  sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable
9  for the misconduct alleged. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret*
10 *Serv.,* 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully
11 is not sufficient, and mere consistency with liability falls short of satisfying the plausibility
12 standard. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

13 **II.     Plaintiff's Allegations**

14       Plaintiff is currently housed at California State Prison, in Corcoran, California where the
15 events in the first amended complaint are alleged to have occurred. Plaintiff names as
16 Defendants: (1) M. Silva, correctional sergeant, (2) Guerro, correctional officer, (3) Munoz,
17 correctional officer, (4) Silva, correctional officer.
18       In claim 1, Plaintiff alleges that on February 8, 2024, correctional officer M. Silva and
19 Munoz came to Plaintiff's cell in 3B OH-121L at about 4:00 AM with several, at least two,
20 women. Officer Silva and Munoz manipulated Plaintiff's penis, as did the unknown females. At
21 the time of the sexual assault on February 8, 2024, Plaintiff was housed in the special needs
22 building at Corcoran State Prison. Plaintiff was assaulted at 4:00 AM on February 8, 2024. His
23 cell door was opened by Correctional Officer Gregory, who later told Plaintiff he did not know
24 Plaintiff would be assaulted. After the assault, Officers Silva and Munoz, along with the females,
25 left Plaintiff's cell. At 8:00 PM officer M. Silva and correctional officer Silva returned to
26 Plaintiff's cell, post lockup. And again, correctional officer Gregory, open Plaintiff's door.
27 Officers M. Silva and correctional officer Silva assaulted Plaintiff in his cell by breaking
28 Plaintiff's left arm and fracturing Plaintiff's back and caused damage to Plaintiff's right eye.

1   After the assault, Plaintiff went man down.  Plaintiff was taken to Bakersfield Hospital and
2   moved to Fresno Heart Hospital on February 9, 2024.  Plaintiff was then returned to prison.
3   Plaintiff was housed in the prison medical unit, Room B/10 from March 18 to April 18, 2024.
4   Plaintiff was then returned to his original facility on May 14, 2024 and housed in 3B02 building.
5   While in that building on July 9, 2024, correctional officer Munoz, as floor officer, was exiting
6   the unit and made derogatory remarks which angered Plaintiff. Munoz had been told by his
7   supervisor not to talk to Plaintiff. An argument ensued. And correctional officer Guerro, who was
8   present, stated to Plaintiff, you can't talk to him like that.  Plaintiff responded, Why not? He raped
9   me. And Guerro responded, I am his friend and lover. He then was angry at this point and
10  handcuffed Plaintiff and slammed Plaintiff against the building exit gate and continued slamming
11  Plaintiff repeatedly. At this point, a female officer, correctional officer, Diaz, who was present,
12  stated, I can't believe what I'm seeing and hearing. Diaz then hit her personal alarm. Other
13  officers came and Plaintiff was taken to the gym and locked in an emergency cage. This assault
14  worsened Plaintiff's previous injuries.
15       In claim 2, Plaintiff alleges following the assault on February 8, 2024 by correctional
16  officer Sergeant Silva and correctional officer Munoz, Plaintiff was denied medical care. The
17  sexual assault on February 8, 2024, set in motion a series of intimidation and other physical
18  assaults. After the assault, Plaintiff was denied medical care on February 9, 2024. But was
19  assisted by an inmate ADA worker who helped Plaintiff get medical assistance. The failure to
20  provide immediate care after the assault resulted in a bacterial infection of Plaintiff's heart.
21  Plaintiff contends the officers targeted Plaintiff due to the lawsuit at another facility. The officers
22  in Plaintiff's housing unit somehow knew about it and stated to Plaintiff that they knew about it.
23  Corcoran State Prison did not properly investigate these assaults and failed to provide adequate
24  medical care. The events described took place over a period of time beginning February 8, 2024
25  through June of 2024.
26  ///
27  ///
28  ///

3

**III.     Discussion**

       **Eighth Amendment**

              1.  **Excessive Force**

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006). The unnecessary and wanton infliction of pain violates the Cruel and Unusual Punishments Clause of the Eighth Amendment. *Hudson v McMillian*, 503 U.S. 1, 5 (1992) (citations omitted). Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. *Farmer v. Brennan*, 511 U.S. 825, 832–33 (1994) (quotations omitted).

"[W]henever prison officials stand accused of using excessive physical force in violation of the [Eighth Amendment], the core judicial inquiry is...whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson*, 503 U.S. at 6-7. Relevant factors for this consideration include "the extent of injury... [,] the need for application of force, the relationship between that need and the amount of force used, the threat 'reasonably perceived by the responsible officials,' and 'any efforts made to temper the severity of a forceful response.' " *Id.* (quoting *Whitley v. Albers*, 475 U.S. 1078, 1085 (1986) ). Finally, because the use of force relates to the prison's legitimate penological interest in maintaining security and order, the court must be deferential to the conduct of prison officials. *See Whitley*, 475 U.S. at 321–22. Not "every malevolent touch by a prison guard gives rise to a federal cause of action." *Id.* at 9. De minimis uses of physical force do not violate the constitution provided that the use of force is not of a sort "repugnant to the conscience of mankind." *Whitley v. Albers*, 475 U.S. 312, 327 (1986) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

Liberally construing the allegations, Plaintiff states a cognizable claim for excessive force against correctional Sergeant M. Silva and correctional officer Silva for the force used on February 8, 2024 at about 8:00 PM.  Plaintiff also states a cognizable claim for excessive force against correctional officer Guerro for repeatedly slamming Plaintiff into building gate while handcuffed.

4

### 2. Sexual Assault

"Sexual harassment or abuse of an inmate by a corrections officer is a violation of the Eighth Amendment." *Wood v. Beauclair*, 692 F.3d 1041, 1046 (9th Cir. 2012) (*citing Schwenk v. Hartford*, 204 F.3d 1187, 1197 (9th Cir. 2000) ). "In the simplest and most absolute of terms ... prisoners [have a clearly established Eighth Amendment right] to be free from sexual abuse ...." *Schwenk*, 204 F.3d at 1197. "In evaluating a prisoner's claim, courts consider whether 'the officials act[ed] with a sufficiently culpable state of mind' and if the alleged wrongdoing was objectively 'harmful enough' to establish a constitutional violation." *Wood*, 692 F.3d at 1046. "[A] prisoner presents a viable Eighth Amendment claim where he or she proves that a prison staff member, acting under color of law and without legitimate penological justification, touched the prisoner in a sexual manner or otherwise engaged in sexual conduct for the staff member's own sexual gratification, or for the purpose of humiliating, degrading, or demeaning the prisoner." *Bearchild v. Cobban*, 947 F.3d 1130, 1144 (9th Cir. 2020).

Plaintiff states a cognizable claim against correctional sergeant M. Silva and correctional officer Munoz for sexual assault. Plaintiff fails to state a claim against the unknown females because he fails to name the individuals or include Doe defendants.

### 3. Medical Care

Plaintiff is attempting to allege a denial of medical care. A prisoner's claim of inadequate medical care constitutes cruel and unusual punishment in violation of the Eighth Amendment where the mistreatment rises to the level of "deliberate indifference to serious medical needs." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). The two-part test for deliberate indifference requires Plaintiff to show (1) "a 'serious medical need' by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." *Jett*, 439 F.3d at 1096.

A defendant does not act in a deliberately indifferent manner unless the defendant "knows of and disregards an excessive risk to inmate health or safety." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). "Deliberate indifference is a high legal standard," *Simmons v. Navajo Cty. Ariz.*, 609

F.3d 1011, 1019 (9th Cir. 2010); *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004), and is shown where there was "a purposeful act or failure to respond to a prisoner's pain or possible medical need" and the indifference caused harm. *Jett*, 439 F.3d at 1096. In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." *Broughton v. Cutter Labs.*, 622 F.2d 458, 460 (9th Cir. 1980) (citing *Estelle*, 429 U.S. at 105–06). Even gross negligence is insufficient to establish deliberate indifference to serious medical needs. *See Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990).

Further, a "difference of opinion between a physician and the prisoner—or between medical professionals—concerning what medical care is appropriate does not amount to deliberate indifference." *Snow v. McDaniel*, 681 F.3d 978, 987 (9th Cir. 2012) (citing *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989)), overruled in part on other grounds, *Peralta v. Dillard*, 744 F.3d 1076, 1082–83 (9th Cir. 2014); *Wilhelm v. Rotman*, 680 F.3d 1113, 1122–23 (9th Cir. 2012) (citing *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1986)). Rather, Plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances and that the defendants chose this course in conscious disregard of an excessive risk to [his] health." *Snow*, 681 F.3d at 988 (citing *Jackson*, 90 F.3d at 332) (internal quotation marks omitted).

Plaintiff fails to allege a cognizable claim against any named defendant. Plaintiff fails to allege what each defendant did or did not do which violated his rights regarding medical care. Plaintiff has been unable to cure this deficiency.

**Retaliation**

Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a section 1983 claim. *Rizzo v. Dawson*, 778 F.2d 527, 532 (9th Cir. 1985); *see also Valandingham v. Bojorquez*, 866 F.2d 1135 (9th Cir. 1989); *Pratt v. Rowland*, 65 F.3d 802, 807 (9th Cir. 1995). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some

adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567–68 (9th Cir. 2005); *accord Watison v. Carter*, 668 F.3d 1108, 1114-15 (9th Cir. 2012); *Silva*, 658 at 1104; *Brodheim v. Cry*, 584 F.3d 1262, 1269 (9th Cir. 2009).

Plaintiff fails to allege facts for each of the elements of a claim for retaliation against any defendant. Plaintiff has been unable to cure this deficiency.

**Failure to Investigate**

To the extent Plaintiff is trying to hold the individuals or others liable for an independent, unspecified constitutional violation based upon an allegedly inadequate investigation, there is no such claim. *See Gomez v. Whitney*, 757 F.2d 1005, 1006 (9th Cir. 1985) (per curiam) ("[W]e can find no instance where the courts have recognized inadequate investigation as sufficient to state a civil rights claim unless there was another recognized constitutional right involved."); *Page v. Stanley*, 2013 WL 2456798, at *8–9 (C.D. Cal. June 5, 2013) (dismissing Section 1983 claim alleging that officers failed to conduct thorough investigation of plaintiff's complaints because plaintiff "had no constitutional right to any investigation of his citizen's complaint, much less a 'thorough' investigation or a particular outcome"); *Ellis v. Cty. of Kern*, No. 1:22-CV-00436 ADA BAM PC, 2023 WL 7005188, at *5 (E.D. Cal. Oct. 24, 2023), report and recommendation adopted, No. 1:22-CV-00436 NODJ BAM PC, 2023 WL 8934370 (E.D. Cal. Dec. 27, 2023) (stating no claim existed for Defendants failure to investigate Plaintiff's appeal regarding alleged excessive force and sexual assault).

**Verbal Harassment**

To the extent Plaintiff seeks to impose liability against Defendants Munoz or Guerro arising out of verbal conduct, he may not do so. Allegations of verbal abuse or harassment fail to state a constitutional claim. *See Oltarzewski v. Ruggiero*, 830 F.2d 136, 139 (9th Cir. 1987) (finding that "verbal harassment generally does not violate the Eighth Amendment"); *Gaut v. Sunn*, 810 F.2d 923, 925 (9th Cir. 1987) (holding that prisoner's allegations of threats allegedly made by guards failed to state a cause of action). However, verbal harassment may violate the

constitution when it is " 'unusually gross even for a prison setting and [is] calculated to and [does] cause [plaintiff] psychological damage." *Cox v. Kernan*, 2019 WL 6840136, at *5 (E.D. Cal. Dec. 16, 2019) (alterations in original) (quoting *Keenan*, 83 F.3d 1083 at 1092).

Plaintiff fails to state a cognizable claim.

**IV.     Conclusion and Recommendation**

Based on the above, the Court finds that Plaintiff's first amended complaint states a cognizable claim against correctional Sergeant M. Silva and correctional officer Silva for excessive force used on February 8, 2024 at about 8:00 PM.; against correctional officer Guerro for excessive force for repeatedly slamming Plaintiff into the building gate while handcuffed; and against correctional sergeant M. Silva and correctional officer Munoz for sexual assault, all in violation of the Eighth Amendment.  However, Plaintiff's first amended complaint fails to state any other cognizable claims for relief against any other defendants.  Despite being provided with the relevant pleading and legal standards, Plaintiff has been unable to cure the deficiencies in the first amended complaint. Further leave to amend is not warranted. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

Accordingly, it is HEREBY RECOMMENDED that:

1. This action proceed on Plaintiff's first amended complaint, filed August 14, 2025, (ECF No. 20), against correctional Sergeant M. Silva and correctional officer Silva for excessive force used on February 8, 2024 at about 8:00 PM.; against correctional officer Guerro for excessive force for repeatedly slamming Plaintiff into the building gate while handcuffed; and against correctional sergeant M. Silva and correctional officer Munoz for sexual assault, all in violation of the Eighth Amendment; and

2. All other claims and defendants be dismissed based on Plaintiff's failure to state claims upon which relief may be granted.

* * *

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within **fourteen (14) days** after being served with these Findings and Recommendations, the parties may

file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  **Objections, if any, shall not exceed fifteen (15) pages or include exhibits.  Exhibits may be referenced by document and page number if already in the record before the Court.  Any pages filed in excess of the 15-page limit may not be considered.**  The parties are advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

| Dated: **December 15, 2025** | /s/ *Barbara A. McAuliffe* |
|---|---|
| | UNITED STATES MAGISTRATE JUDGE |