# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

MICHAEL JEROME WINFIELD,

Plaintiff,

v.

SILVA, *et al.*,

Defendants.

Case No.  1:25-cv-00170-KES-BAM (PC)

ORDER TO SHOW CAUSE WHY DEFENDANTS SILVA AND GUERRO SHOULD NOT BE DISMISSED FROM THIS ACTION FOR FAILURE TO PROVIDE SUFFICIENT INFORMATION TO EFFECTUATE SERVICE

(ECF No. 27)

**THIRTY-DAY DEADLINE**

Plaintiff Michael Jerome Winfield ("Plaintiff") is a state prisoner proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983.  This action proceeds against Correctional Sergeant M. Silva and Correctional Officer Silva for excessive force used on February 8, 2024, at about 8:00 PM; against Correctional Officer Guerro for excessive force for repeatedly slamming Plaintiff into the building gate while handcuffed; and against Correctional Sergeant M. Silva and Correctional Officer Munoz for sexual assault, all in violation of the Eighth Amendment.

On February 9, 2026, the Court issued an order directing service on Defendants M. Silva, Silva, Guerro, and Munoz under the Court's E-Service pilot program for civil rights cases for the Eastern District of California.  (ECF No. 23.)  The order included the following information regarding Defendant Silva: "Silva, Correctional Officer; California State Prison, Corcoran; on or about February 8, 2024." (*Id.* at 2.)  The order included the following information regarding

1

Defendant Guerro: "Guerro, Correctional Officer; California State Prison, Corcoran; on or about July 9, 2024." (*Id.*)  On February 17, 2026, the Court received information that Defendants Silva and Guerro could not be identified.  Service documents were forwarded to the United States Marshals Service.  On February 20, 2026, the United States Marshal filed returns of service unexecuted as to Defendant Correctional Officer Silva and Defendant Correctional Officer Guerro.  (ECF No. 27.)

Federal Rule of Civil Procedure 4(m) provides as follows:

If a defendant is not served within 90 days after the complaint is filed, the court— on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time.  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

Here, the U.S. Marshal attempted to electronically serve Defendants Silva and Guerro with the information that Plaintiff provided.  However, the Court was informed that Defendants Silva and Guerro could not be identified.  The U.S. Marshal then attempted personal service on Defendants Silva and Guerro, but was also informed that these defendants could not be identified due to multiple staff members with the same name.  (ECF No. 27.)  Plaintiff therefore has not provided sufficient information to locate Defendants Silva and Guerro for service of process.  If Plaintiff is unable to provide the Marshal with the necessary information to locate these defendants, Defendants Silva and Guerro shall be dismissed from this action, without prejudice.

Pursuant to Rule 4(m), the Court will provide Plaintiff with the opportunity to show cause why Defendants Silva and Guerro should not be dismissed from the action at this time.  Plaintiff may respond to this order by providing additional information that will assist the Marshal in locating these defendants for service of process.

Based on the foregoing, it is HEREBY ORDERED that:

1. Within **thirty (30) days** from the date of service of this order, Plaintiff shall show cause why Defendants Silva and Guerro should not be dismissed from this action; and

2. **The failure to respond to this order or the failure to show cause will result in the**

**dismissal of any unidentified defendant from this action, due to Plaintiff's failure to serve process pursuant to Federal Rule of Civil Procedure 4(m).**

IT IS SO ORDERED.

Dated:   **March 4, 2026**             /s/ *Barbara A. McAuliffe*

UNITED STATES MAGISTRATE JUDGE