# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

MICHAEL JEROME WINFIELD,

Plaintiff,

v.

SILVA, *et al.*,

Defendants.

Case No. 1:25-cv-00170-KES-BAM (PC)

ORDER DENYING MOTION REQUESTING ASSISTANCE OF INMATE LEGAL ASSISTANT AT SCHEDULED VIDEO DEPOSITION
(ECF No. 56)

## I. Introduction

Plaintiff Michael Jerome Winfield ("Plaintiff") is a state prisoner proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds against Defendants Sergeants M. Silva and C. Connolly (named as M. Conley) for excessive force used on February 8, 2024, at about 8:00 PM; against Defendant Correctional Officer G. Gutierrez (named as Guiterrez) for excessive force for repeatedly slamming Plaintiff into the building gate while handcuffed; and against Defendants Sergeant M. Silva and Correctional Officer E. Munoz for sexual assault, all in violation of the Eighth Amendment.

Currently before the Court is Plaintiff's motion requesting assistance of an inmate legal assistant at his video deposition, filed September 14, 2026. (ECF No. 56.) Defendants opposed the motion on October 5, 2026. (ECF No. 57.) Plaintiff did not file a reply. The motion is deemed submitted. Local Rule 230(l).

## II. Plaintiff's Motion

Plaintiff requests, pursuant to Federal Rule of Civil Procedure 17(c), the assistance of inmate Phillip C. Sanders, a non-attorney, at Plaintiff's video deposition scheduled for December 2, 2026, at Corcoran State Prison. Plaintiff asserts that he is designated as an EOP (Enhanced Out Patient) inmate and his comprehension, communication, and decision-making are impaired. Plaintiff believes the video deposition will challenge his comprehensive, communicative and decision-making ability considering his mental and physical condition. Plaintiff also believes that representatives and custody staff will be present from CDCR "to intimidate creating an abundance of adversarial tension." (ECF No. 56 at 3.) Plaintiff requests that Sanders, an educated person with a degree in communication and a trusted friend, be permitted to attend the video deposition and that Plaintiff be granted permission to consult with Sanders before and during breaks in the deposition. Plaintiff claims that "the assistance on the limited basis of inmate Sanders will assure a meaningful deposition." (*Id.*)

Defendants oppose Plaintiff's motion, arguing that Plaintiff has not provided good cause to support Sanders' attendance at Plaintiff's deposition. Defendants assert that Plaintiff has not provided any evidence to support that he is not able to sufficiently communicate with counsel at his deposition. Defendants also assert that Plaintiff has not offered any evidence to show that he lacks adequate comprehension, communication, and decision-making skills or that his EOP status prohibits him from providing adequate deposition testimony. Defendants note that the parties participated in a settlement conference in June 2026 without issue. Defendants further argue that Rule 17(c) is not applicable here because Plaintiff is not a minor and he has not been deemed an incompetent person by the Court in this matter. Defendants also posit that Sanders' attendance the deposition may result in further interference with the process and cause security issues. To the extent Plaintiff is seeking a protective order, Defendants contend that Plaintiff has failed to follow proper procedural requirements for such an order and has offered no evidence to show that CDCR staff will be present at Plaintiff's deposition or that, even if they are, they will intimidate him during his deposition.

**III. Discussion**

The Ninth Circuit has held that "constitutional claims are personal and cannot be asserted vicariously," and that an individual "has no authority to appear as an attorney for others than himself." *Johns v. County of San Diego*, 114 F.3d 874, 876 (9th Cir. 1997) (citing *United States v. Mitchell*, 915 F.2d 521, 526 n. 8 (9th Cir. 1990)) (quoting *C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir. 1987)). "No person or entity may appear on behalf of a plaintiff unless they are licensed as a lawyer." *Kamali v. Stevens*, No. 1:19-cv-01432-JLT-GSA-PC, 2022 WL 1630832, at *1 (E.D. Cal. May 23, 2022) (citations omitted). Sanders is not a licensed attorney.

To have a non-attorney inmate represent Plaintiff at his deposition is not permissible and would condone the unauthorized practice of law. *Kamali*, 2022 WL 1630832, at * 1 (citing *Johns*, 114 F.3d at 876); *see also Denson v. Gillispie*, No. 2:10-CV-00525-MMD, 2013 WL 662967, at *7 (D. Nev. Feb. 21, 2013) ("To have an inmate law library assistant represent plaintiff at the depositions is not permissible and would condone the unauthorized practice of law."). The Court recognizes that Plaintiff does not specifically ask the Court to allow Sanders to represent him at the deposition. Plaintiff does request, however, that Sanders be allowed to assist with and attend the deposition to protect Plaintiff's interests and to allow Plaintiff to consult with Sanders before and during breaks in the deposition. (ECF No. 56 at 1, 2.) The Court finds that this type of assistance to Plaintiff during the course of his deposition amounts to the provision of legal advice. Moreover, Plaintiff has not demonstrated good cause, much less exceptional circumstances, warranting assistance at his deposition. There is no indication that Plaintiff is unable to communicate effectively with defense counsel or that his EOP status prohibits him from providing deposition testimony.

To the extent Plaintiff relies on Federal Rule of Civil Procedure 17(c), that rule is not applicable here. Rule 17(c) applies to minors or incompetent persons. Fed. R. Civ. P. 17(c). Plaintiff is not a minor and has not been declared incompetent by the Court in this matter.

Plaintiff also suggests that he requires assistance at his deposition because he believes that representatives and custody staff from CDCR will be present to intimidate and create adversarial

tension. (ECF No. 56 at 3.) However, as Defendants point out, Plaintiff has not offered evidence that CDCR staff will be present at his deposition or that, even if they are present, they will intimidate him. Nonetheless, if Plaintiff believes he requires protection from the presence of particular CDCR representatives or custody staff at his deposition, then he may move for a protective order.

**IV. Conclusion and Order**

For the reasons stated, Plaintiff's motion requesting assistance of inmate legal assistant at scheduled video deposition (ECF No. 56) is HEREBY DENIED.

IT IS SO ORDERED.

Dated: **November 12, 2026**

/s/ Barbara A. McAuliffe
UNITED STATES MAGISTRATE JUDGE